<div style="margin">Common-
wealth
*v.*
Braynard.
March 19th.
114</div>

of the recognizance, the defendant was to be discharged ; but otherwise he was to be defaulted.

*S. D. Parker,* for the defendant, suggested that the government might either indict for the second assault and battery, or bring an action upon the recognizance, but not both, as this would be punishing twice for the same offence. But the *Court* were clear that the action was sustainable, and declined hearing *Austin,* who appeared on behalf of the commonwealth.

<div style="text-align:right">*Defendant defaulted.*[1]</div>

---

## PAUL GARDNER et al. versus AARON MITCHELL.

A new trial will not be granted on the ground of newly discovered evidence which is merely cumulative in relation to facts testified at the trial.

In an action for a breach of warranty on the sale of oil warranted to be of a fair merchantable quality, each party introduced the testimony of witnesses who had examined the oil, and a verdict was found for the plaintiff. On a motion for a new trial on the ground of evidence newly discovered, of the plaintiff's admission that the oil was of the proper quality, this was held to be a new fact and not cumulative, and the evidence at the trial being nearly balanced, a new trial was granted.

AT the term of this Court held at Nantucket in July 1827, the plaintiffs recovered a verdict for 5,337 dollars, in an action brought for an alleged breach of contract on the sale of two parcels of oil, one of 1000 barrels, the other of 50,000 gallons, which oil was warranted by the defendant to contain twenty-eight parts in a hundred of head matter, and to be of a fair merchantable quality. The plaintiffs introduced evidence tending to show that the oil delivered was deficient in quantity and quality, and that it did not contain the stipulated proportion of head matter. The defendant now moved for a new trial, on the ground of newly discovered evidence.

This evidence appeared in the depositions of S. Ewer and M. Myrick.

Ewer testified, that in March 1827 the plaintiffs called him

---

into their candle house and showed him some oil, and said they had received that in lieu of good head matter, from the defendant; that they complained of its being bad, and also of the gauge's not holding out; that the deponent asked Gardner if he had received a proportion of head matter, and he answered that he had, if it had been good head matter; that the deponent asked him if he was satisfied with the body oil, and he answered that he had heard no complaint about it, that he thought it of a fair quality for Japan oil.

Myrick testified, that in February 1827, he observed to Gardner, " All the demand you have against Mitchell, is short gauge, for six or seven hundred gallons;" and that Gardner replied, " That is true, but we think it is our right, and we ought to have it made up."

Other facts are stated in the opinion of the Court.

*Sullivan* and *L. Williams*, in support of the motion, cited *Halsey* v. *Watson*, 1 Caines's R. 24 ; *Steinbach* v. *Col. Ins. Co.* 2 Caines's R. 133 ; *Doe* v. *Roe*, 1 Johns. Cas. 402.

*K. Whitman*, contrà, cited *Steinbach* v. *Col. Ins. Co. ubi supra* ; *Pike* v. *Evans*, 15 Johns. R. 210 ; *Smith* v. *Brush*, 8 Johns. R. 65 ; *Williams* v. *Baldwin*, 18 Johns. R. 489.

*Per Curiam.*   The bar are aware that the Court look with jealousy upon applications like this,[1] as it has become so common to apply for a new trial because the verdict was against evidence, or on account of evidence discovered since the trial, and it is so easy to procure new evidence to suit the case.   And yet it is absolutely necessary that the Court should have a control over verdicts, for sometimes they seem to be given unaccountably against the manifest justice of the case.

This action is brought upon a contract of sale of a quantity of oil, with a warranty that it should be of a merchantable quality, and should contain a certain proportion of head matter.   It is alleged that the contract was not performed in regard either to the quantity or the quality of the oil delivered.   The Court have been obliged to look into the whole evidence, in order to see the applicability of that which has

Gardner
*v.*
Mitchell.

115

*March* 20th

*March* 25th

---

[1] See *Coe* v. *Givan*, 1 Blackford, 367 ; *Bond* v. *Cutler*, 7 Mass. R. 205.

Gardner
*v.*
Mitchell.

been newly discovered. The plaintiffs introduced evidence which seemed very strong, and if it had been believed, the damages should have been twenty or thirty thousand dollars, instead of five thousand. On the other hand, it appeared that after the oil had been partly manufactured, so that the plaintiffs could have ascertained its quality, they entered into a reference solely in regard to the quantity delivered, nothing being said of the quality. Two persons, one appointed by the plaintiffs and the other by the defendant, were employed to gauge the oil, and in gauging it is quite easy to ascertain the quality. There was evidence likewise, that if the oil had been as bad as it was represented by the plaintiffs, it would have been impossible to manufacture it into candles ; nevertheless it was all sold before the trial, and the purchasers have made no application to the plaintiffs on account of its bad quality. We should have considered it at least a balanced case, notwithstanding the strong evidence on the part of the plaintiffs. Then comes the recently discovered evidence, upon which the application for a new trial is grounded. This is somewhat of a critical matter, as a party may so readily obtain new evidence to supply former deficiencies. Still the Court ought not to shut their eyes to injustice on account of facility of abuse in cases of this sort. The evidence now brought forward is of confessions of the plaintiffs, and the question is whether it is new, or only cumulative. If only cumulative, it does not furnish a sufficient cause for a new trial.[1] This is the ground taken in New York, and the reason is, that the party should have taken care to produce evidence enough to establish his point. But this evidence is of a different character. As to the body oil, which is made a subject of complaint, there is a confession of one of the plaintiffs that it was as good as he expected. This is a

---

[1] See *Alsop* v. *Commercial Ins. Co.* 1 Sumner, 476, 477 ; *Ames* v. *Howard,* 1 Sumner, 490, 491 ; *People* v. *Superior Ct. of New York,* 10 Wendell, 285; *Wheelwright* v. *Beers,* 2 Hall, (New York,) 391 ; *People* v. *Superior Ct. of New York,* 5 Wendell, 114; *Gygott* v. *Butts,* 4 Wendell, 579 ; *Whitbeck* v. *Whitbeck,* 9 Cowen, 266 ; *Chatfield* v. *Lathrop, post,* 417 ; *Baker* v. *Briggs,* 8 Pick. 122; *Warren* v. *Hope,* 6 Greenl. 479; *Bullock* v. *Beach,* 3 Vermont R. 73 , *Reed* v *Mc Grew,* 5 Ohio R. 386.

Cumulative evidence is such as tends to support the same fact which was before attempted to be proved. *Chatfield* v. *Lathrop, ubi Supra.* See *People* . *Superior Ct. of New York,* 10 Wendell, 285.

<div style="text-align: right;">Gardner<br>v.<br>Mitchell.</div>

new fact which was not before in the case. The verdict was general, and apparently injustice has been done ; 'and this being upon the trial a nicely balanced case, we think it should go again before the jury, with this new evidence.

*New trial granted.*[*2]

---

* An application of the like nature was made in the case of *The Inhabitants of Yarmouth* v. *The Inhabitants of Dennis*, tried at May term 1827, in Barnstable. The question at the trial was, whether Phebe Crowell a pauper, lived in Dennis on the 19th of June, 1793, the time when that town, previously a part of Yarmouth, was incorporated, and so had her settlement in Dennis. Witnesses on each side concurred in saying that she lived in the house of one Studley in Yarmouth, and that while she lived there the house was struck by lightning; but they differed as to the time when this accident happened, those on the part of the defendants testifying that it was before June 19, 1793. A verdict was found for the defendants. The evidence newly discovered by the plaintiffs was the testimony of four witnesses, by whom they expected to prove, that the accident by lightning took place three years after the time stated by the witnesses on the other side. But the *Court* con sidered this evidence as merely cumulative, and refused a new trial.

*J. Reed* and *T. Parsons*, for the plaintiffs.

*Marston*, for the defendants.                                   *Reporter.*

² See *Warren* v. *Hope*, 6 Greenl. 479. In a motion for a new trial on account of newly discovered evidence, the evidence must be disclosed, and the motion granted or refused, according as the court may judge such evidence to affect the justice of the case. *Ludlow* v. *Park*, 4 Ohio R. 44.